1  JANET M. HEROLD
   Regional Solicitor
2  CHERYL L. ADAMS (CSBN 208244)
   Senior Trial Attorney
3  SUSAN SELETSKY (CSBN 176106)
   Counsel for FLSA
4  United States Department of Labor
   Office of the Solicitor
5  90 7th Street, Suite 3-700
   San Francisco, CA 94103
6  Direct: (415) 625-7759
   Facsimile: (415) 625-7772
7  Email: Adams.Cheryl.L@dol.gov

8  Attorneys for Plaintiff, Thomas E. Perez
   Secretary, U.S. Department of Labor
9

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br><br> MARIBEC NATIVIDAD, an individual doing business as ANNE'S GUEST HOMES, <br><br> Defendant. | Case No.: 4:14-cv-02254 YGR <br><br> [PROPOSED] <br> **CONSENT JUDGMENT** |

Plaintiff, THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor (the "Secretary"), and Defendant MARIBEC NATIVIDAD, an individual doing business as ANNE'S GUEST HOMES have agreed to resolve the matters in controversy in this civil action and consent to the entry of this consent judgment ("Consent Judgment" or "Judgment") in accordance herewith:

- 1 -

A. The Secretary has filed a Complaint alleging that the Defendant violated provisions of Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA" or "the Act"), 29 U.S.C. § 206, 207, 211(c), 215(a)(2) and (5).

B. Defendant acknowledges receipt of a copy of the Secretary's Complaint.

C. Defendant waives issuance and service of process and waives answers and any defenses to the Secretary's Complaint.

D. The Secretary and Defendant waive Findings of Fact and Conclusions of Law.

E. Defendant admits that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the District Court for the Northern District of California.

F. Defendant and the Secretary agree to the entry of this Consent Judgment without contest.

G. Defendant acknowledges that Defendant and any individual or entity acting on her behalf or at her direction has notice of, and understands, the provisions of this Consent Judgment.

H. Defendant admits to violating Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), during the period from February 18, 2012, to February 17, 2014 (the "Subject Period"), by paying employees wages at rates less than the applicable federal minimum wage in workweeks when said employees were engaged in commerce and in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid.

I. Defendant admits to violating Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), during the Subject Period, by employing employees who were engaged in commerce or the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act,

for workweeks longer than forty hours, and failing to pay such employees compensation for their employment in excess of forty hours at a rate not less than one and one-half times the regular rate at which he is employed.

J. Defendant admits to violating Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5), during the Subject Period, by failing to make, keep and preserve records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations found in 29 C.F.R. Part 516 that are issued, and from time to time amended, pursuant to section 11(c) of the Act.

Therefore, upon motion of the attorneys for the Secretary, and for cause shown,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that pursuant to Section 17 of the FLSA, Defendant, their officers, agents, servants, employees, and all persons in active concert or participation with them be, and they hereby are, permanently enjoined and restrained from violating the provisions of the FLSA, in any of the following manners:

1. Defendant shall not, contrary to Sections 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), employ any of her employees at rates less than the applicable federal minimum wage in workweeks when said employees are engaged in commerce and in the production of goods for commerce or are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act.

2. Defendant shall not, contrary to Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), employ any of her employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty hours, unless such employee receives compensation for his employment in excess of forty hours at a rate not less than one and one-half times the regular rate at which he is employed.

3. Defendant shall not fail to make, keep and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by regulations issued, and from time to time amended, pursuant to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5) and the implementing regulations found in Title 29, Code of Federal Regulations, Part 516, and make such records available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access.

4. Defendant shall not request, solicit, suggest, or coerce, directly, or indirectly, any employee to return or to offer to return to the Defendant or to someone else for the Defendant, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this judgment or the FLSA; nor shall Defendant accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this judgment or the FLSA; nor shall Defendant discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him from the Defendant under the provisions of this judgment or the Act.

5. IT IS FURTHER ORDERED that Defendant shall not withhold payment of $298,459,69 which represents the unpaid minimum wage and overtime compensation hereby found to be due for the Subject Period, to the employees named in Exhibit A, attached hereto and made a part hereof, in the amounts set forth therein.

6. Defendant shall further pay to the Secretary as liquidated damages the additional sum of $149,229.85 hereby found to be due, for the Subject Period to the present and former employees named in Exhibit A, attached hereto and made a part hereof, in the amounts set forth therein.

7. The provisions of paragraphs 5 and 6 herein will be deemed satisfied when

Defendant complies with the following provisions:

    a.    Within thirty calendar days of the entry of this Consent Judgment Defendant shall deliver to Director Susana Blanco, Wage and Hour Division, United States Department of Labor, 90 Seventh Street, Suite 12-100, San Francisco, California 94103 a schedule with the name "Anne's Guest Homes" written on it and containing the last known (home) address, social security number, telephone number (if known), and amount of back wages for each person named in the attached Exhibit A.

    b.    Defendant shall make the back wage and liquidated damages payments due under this Judgment, the total amount of which is $447,689.53, commencing on May 1, 2014, with a down payment of $75,000. Followed by the first 6 monthly payments of $10,000 each and subsequent equal payments of the remaining balance due on the first day of each month thereafter until paid in full over the course of a 26 month period. Defendant shall make payments by delivering to District Director Susana Blanco, a cashier's check or money order in the required amount, with the firm name of "Anne's Guest Homes" and "Back Wages and Liquidated Damages" written on it, payable to the order of the "Wage & Hour Div., Labor."

    8.    The Secretary shall allocate and distribute the back wages less deductions for employees' share of Social Security and withholding taxes to the persons named in the attached Exhibit A, or to their estates if that be necessary, in his sole discretion, and any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be then deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c). The Secretary shall be responsible for deducting the employee's share of FICA and federal income taxes from the backwage amounts paid to the persons named in the attached Exhibit A, and for remitting said deductions to the appropriate federal agencies. The employer is responsible for the employer portion of employment taxes on the backwages hereby found due.

- 5 -

CONSENT JUDGMENT

9. Within 30 calendar days of the entry of this Consent Judgment Defendant shall amend and maintain their payroll practices to comply with the FLSA. To accomplish the provisions of this paragraph:

   a. For each work week, Defendant shall sum the time indicated on the time records recorded on the time clock by each employee to identify the time worked each day and each workweek. Each pay period Defendant shall prepare a statement of hours worked by each employee for each day, week and pay period ("Work Hours Summary"). Such Work Hours Summary shall state the regular rate, any amount deducted that pay period for any reason, and shall be calculated in full compliance with 29 C.F.R. §§ 778.108-09,Defendant shall calculate the half-time premium for hours worked over forty in each work week by dividing the regular rate in half.

   b. Defendant shall have each employee review his/her Work Hours Summary and write in corrections if necessary. Each hours worked summary shall contain a statement in English that "Anne's Guest Homes" must pay you for all hours worked, which includes all time that you are required to be on the employer's premises and are not free from duties. If you think Anne's Guest Homes has not paid you for all hours you worked, you can call the U.S. Department of Labor to make a confidential complaint at 1-866-4US- WAGE." Immediately upon issuance and for two years thereafter, Defendant shall maintain copies of all Work Hours Summary for inspection by the Department of Labor at any time and by any worker at any time without prior request.

   c. Defendant shall not reduce compensable hours worked for time spent sleeping (claim a "sleep time credit") for any employee who is required to be on duty for fewer than 24 consecutive hours. Defendant may claim a sleep time credit for an employee who is required to be on duty for 24 or more consecutive hours if

      i. Defendant and employee have a voluntary written agreement that is valid for the

          period in which the sleep time credit is claimed;

    ii.    The written agreement provides for the exclusion of regularly scheduled sleeping periods of not more than 8 hours from hours worked;

    iii.    Defendant has provided adequate sleeping facilities; and

    iv.    The employee's sleep period is uninterrupted by work demands for at least five consecutive hours.

    d.    Defendant shall not include the value of food eaten by employees as a part of employees' pay (a "meal credit") absent strict compliance with 29 C.F.R. Part 531. Defendant shall retain receipts for any food purchased for which a meal credit is claimed for a period of two years and shall make such receipts available for inspection by the U.S. Department of Labor and by any employee without prior request. In addition, on January 1, March 1, June 1 and October 1 of each year, Defendant shall post, in an area that is frequented by employees, a statement showing how Defendant calculated the amount of any meal credit claimed during the previous calendar quarter.

    e.    Defendant shall not include the value of the provision of sleeping facilities to employees as part of employees' pay ("lodging credit") absent strict compliance with 29 C.F.R. Part 516, including but not limited to 29 CFR § 516.27. Defendant shall maintain all records described at 29 C.F.R. § 516.27, including itemized accounts showing the nature and amount of any expenditures entering into the computation of the reasonable cost of lodging for which a lodging credit is claimed for a period of two years and shall make such documents available for inspection by the U.S. Department of Labor and by any employee without prior request. In addition, on January 1, March 1, June 1 and October 1 of each year, Defendant shall post, in an area that is frequented by employees, a statement showing how Defendant calculated the amount of any lodging credit Defendant claimed during the previous calendar quarter. Defendant shall record all hours worked by employees in the payroll records.

f. Defendant shall maintain all timecards and payroll records for a period of not less than three years.

g. Defendant shall reflect all the amounts paid to employees, regardless of the manner of payment, on the payroll records.

h. Defendant shall not alter or manipulate time or payroll records to reduce the number of hours actually worked by an employee.

i. Defendant shall not request, require or otherwise cause employees to sign inaccurate time records.

10. Within ten calendar days of the entry of the Consent Judgment, Defendant shall post a copy of the attached Exhibit B at Defendant's establishment for no less than one-hundred eighty (180) days. Exhibit B summarizes terms of the Consent Judgment and the employees' rights under the FLSA.

11. The filing, pursuit, and/or resolution of this proceeding with the filing of the Consent Decree shall not act as or be asserted as a bar to any action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), as to any employee not named on the Exhibit A attached to the Consent Findings and incorporated hereto by reference, nor as to any employee named on the Exhibit A for any period not specified herein for the back wage recovery provisions.

12. Each party shall bear all fees and other expenses (including court costs) incurred by such party in connection with any stage of this proceeding to date.

13. This Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of the Consent Decree.

Dated this 6th day of June, 2014

_____
U.S. DISTRICT JUDGE

Dated: April 25, 2014

*M. Natividad* (signature)

MARIBEC NATIVIDAD, an individual
doing business as ANNE'S GUEST HOMES

Dated: May 8, 2014

M. PATRICIA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

SUSAN SELETSKY
Counsel for FLSA

By: *Cheryl L. Adams* (signature)
CHERYL L. ADAMS
Senior Trial Attorney

Attorneys for U.S. Department of Labor

**EXHIBIT A**

| Employee Name | Back Wages | Liquidated Damages | Total Due |
|---|---|---|---|
| Lolita Bacani | 798.35 | 399.18 | 1197.53 |
| Edwin Bucacas | 24286.73 | 12143.37 | 36430.10 |
| Rosana Bucacas | 24286.73 | 12143.37 | 36430.10 |
| Purita Caburian | 25050.77 | 12525.39 | 37576.16 |
| Bella Castanares | 7672.31 | 3836.16 | 11508.47 |
| Erlinda Damian | 27440.00 | 13720.00 | 41160.00 |
| Girlie Del Rosario | 689.24 | 344.62 | 1033.86 |
| Leah Dumlao | 27459.23 | 13729.62 | 41188.85 |
| Julita Galima | 23298.46 | 11649.23 | 34947.69 |
| Nestor Galima | 23298.46 | 11649.23 | 34947.69 |
| Simona Llanes | 23775.38 | 11887.69 | 35663.07 |
| John Nelmida | 929.23 | 464.62 | 1393.85 |
| Angela Niduza | 26764.62 | 13882.31 | 40646.93 |
| Susan Perez | 12936.15 | 6468.08 | 19404.23 |
| Cecilia Tinio | 21144.61 | 10572.31 | 31716.92 |
| Michelle Ventigan | 9394.61 | 4697.31 | 14091.92 |
| Adelina Aplico | $ 19,234.81 | 9617.40 | 28,852.21 |

# EXHIBIT B

# LEGAL NOTICE TO ALL EMPLOYEES

In April 2014, Anne's Guest Homes settled a lawsuit with the **U.S. Department of Labor**. As part of this settlement, Anne's Guest Homes will pay the Department of Labor money owed to certain employees, and the Department of Labor will distribute it directly to those employees. This distribution will not take place for several months, so if you leave this job, please call the number listed below to update your contact information.

The **Fair Labor Standards Act** provides that you must be paid the **minimum wage** for all hours worked. In addition, all employees must be paid the **overtime** rate of one and one-half times your regular rate for all hours worked over 40 in a workweek. All employees are entitled to overtime pay (1 ½ times your regular rate) when you work over 40 hours. Your employer may not make deductions or take credit for meals and lodging provided to you unless you voluntarily sign a written agreement with your employer regarding such meal or lodging credits.

The settlement Anne's Guest Homes reached with the Department of Labor requires the employer to make available to you any receipts, documents, or any other information necessary to explain how any lodging or meal deductions and credits are being calculated.

You must be paid for all hours worked, even hours spent sleeping, if you are not usually free of duties during such sleep hours and thus cannot enjoy at least 5 hours of uninterrupted sleep. Your employer must pay you for all time spent working, even if the work is performed during time scheduled as "sleep time" or "non-work" time.

**If you think you are not being paid in accordance with the law**, you can call the U.S. Department of Labor, Wage and Hour Division, at (415) 625-7720 or 1-866-4-USWAGE (1-866-487-9243) and your name will be kept confidential. The U.S Department of Labor wants to remind you that you also have employment rights under California state law and you may contact the California Division of Labor Standards Enforcement, at (415) 703-5300, for any questions you may have about those rights.